UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                             Case No.  8:03-cr-476-T-23EAJ
                                                         8:08-cv-1994-T-23EAJ
ROMULA SILVA
                                              /

## **O R D E R**

Silva's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Silva's conviction for conspiring to possess with the intent to distribute cocaine, for which offense he is serving 188 months.  Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

entitled to relief.'"). Silva's motion lacks merit because in the plea agreement Silva waived the right to raise the grounds he asserts in the motion to vacate.

## FACTS[2]

On November 10, 2003, undercover Tampa Police Department (TPD) Detective Feliciano and Special Agent (SA) Noack of the Drug Enforcement Agency (DEA), met with defendants . . . and ROMULA SILVA at the Steak and Ale Restaurant located at the corner of Westshore and Kennedy Blvds in Tampa, Florida, to discuss the defendants' purchase of cocaine. Defendants . . . and ROMULA SILVA agreed to purchase 20 kilograms for $15,000.00 per kilogram (for a total of $300,000) and demanded to see a sample. Defendants . . . and ROMULA SILVA stated that if the deal went through they would return and purchase another 60 to 70 kilograms the very next week.

After lunch, SA Noack and Det. Feliciano took defendant . . . to Picnic Park and showed him a cooler containing two (2) kilograms of cocaine. Defendant . . . opened both and took a small sample which he took back to show . . . SILVA. The three defendants did not like the quality and asked to see others. Later that day, the agents showed them two other kilograms of cocaine, which all three defendants inspected and approved. Defendants . . . and ROMULA SILVA agreed to return in the near future with the money for the purchase of at least twenty (20) kilograms of cocaine, but stated that if the quality was the same, they would bring enough money to buy 30 to 40 kilograms.

On November 15, 2003, defendants . . . and ROMULA SILVA arrived in Tampa and met with Det. Feliciano in the Westshore Mall parking lot.

Defendants . . . and ROMULA SILVA negotiated a lower price of $14,000 per kilogram for 35 kilograms (a total of $490,000) and told Det. Feliciano that they had brought over $500,000.00 in U.S. currency for the purchase of the cocaine.

After the meeting, defendants . . . [and] ROMULA SILVA . . . followed Det. Feliciano to an undercover warehouse. At the warehouse, defendants . . . and ROMULA SILVA followed Det. Feliciano, TPD Det. Vazquez and SA Noack inside.

---

[2] This summary of the facts is from the plea agreement at 12-15 (Doc. 242).

> In the warehouse, defendants . . . and ROMULA SILVA handed SA Noack the money and SA Noack counted out what turned out to be $499,437.00 in U.S. currency. While SA Noack counted the money, defendants . . . and ROMULA SILVA told the agents that they would order 50 to 60 kilograms of cocaine the following week. After Det. Vazquez retrieved a bag containing twenty-one kilograms of cocaine, the defendants counted out the kilograms. The agents indicated that they would bring out the remainder of the cocaine. This meeting was video recorded and audio recorded.
>
> Prior to trial, defendants . . . pleaded guilty to Count One of the Indictment. Trial against defendant ROMULA SILVA . . . was set to commence before the Honorable United States District Judge Merryday on October 18, 2004. ROMULA SILVA failed to appear for trial on October 18, 2004, as he had previously been ordered. On the same day, Judge Merryday ordered the issuance of a warrant for the arrest of ROMULA SILVA for failure to appear.
>
> Subsequently, law enforcement determined that defendant ROMULA SILVA had been living in the Dominican Republic. On November 7, 2006, Judge Merryday issued an Amended Warrant for the Arrest of defendant on the underlying Indictment and for failure to appear as ordered in violation of 18 U.S.C. § 3146(a)(1). The defendant was arrested in the Dominican Republic by the United States Marshals Service in March 2007 . . . .

Shortly after his return to this jurisdiction Silva pleaded guilty pursuant to a plea agreement (Doc. 242).

**GROUNDS**

Silva alleges two grounds: (1) the court incorrectly ruled that an acceptance of responsibility reduction is not possible if an obstruction of justice enhancement is included in the sentence calculation, and (2) trial counsel was ineffective for failing to object to the sentence calculation based on the argument in ground one. Silva is precluded from pursuing either claim.

Silva's conviction is based on a negotiated plea. The plea agreement specifically states that Silva "expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . ." Plea Agreement ¶5 at 9 (Doc. 242) (emphasis original).

Silva's 188-month sentence is the high end of the guidelines for a defendant who scores at an offense level 34 and a criminal history category I. The sentence was neither an upward departure nor above the statutorily authorized maximum sentence of life imprisonment. 21 U.S.C. § 841(a)(1)(A)(ii). Consequently, Silva's waiver of the right to challenge the guidelines sentence precludes his challenging the sentence calculation as alleged in ground one.

Silva's claim of ineffective assistance of counsel alleged in ground two is also precluded. Silva alleges that counsel was ineffective for not challenging the sentence calculation. A valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence. "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams v. United States</u>, 396 F.3d 1340,

1342 (11th Cir.), <u>cert.</u> <u>denied</u> 546 U.S. 902 (2005).  Silva cannot circumvent the appeal waiver provision by disguising his challenge as a claim of ineffective assistance of counsel.  "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless."  <u>Williams v. United States</u>, 396 F.3d at 1342

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Silva and close this action.

ORDERED in Tampa, Florida, on October 21, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE