UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                     CASE NO.:   8:03-cr-476-T-23EAJ

ROMULO SILVA

_____/


**ORDER**

Romulo Silva submits a "Writ of Error Coram Nobis And/Or Audita Querela"

(Doc. 259).  Silva pleaded guilty to conspiracy to possess with intent to distribute five or

more kilograms of cocaine and was sentenced to one hundred eighty-eight (188)

months of imprisonment.  (Doc. 255).  Silva filed no appeal.  On October 7, 2008, Silva

filed a motion to vacate pursuant to 28 U.S.C. § 2255.  The motion to vacate was

denied on the merits (Doc. 257), and Silva filed no appeal.  Silva again seeks to attack

the validity of his sentence.  Neither audita querela nor coram nobis is available after an

earlier and unsuccessful motion under 22 U.S.C. § 2255 to obtain an additional review

of objections cognizable under 28 U.S.C. § 2255.  United States v. Holt, 417 F.3d 1172

(11th Cir. 2005).  See also United States v. Arevalo, 2010 WL 935648 (11th Cir. 2010),

United States v. Davis, 352 Fed. Appx. 314 (11th Cir. 2009), Morales v. Fla. Dept. Corr.,

346 Fed. Appx. 539 (11th Cir. 2009).

This new action is merely a second or successive action that is subject to specific

restrictions.  Felker v. Turpin, 518 U.S. 651, 664 (1996) ("The new restrictions on

successive petitions constitute a modified <u>res judicata</u> rule, a restraint on what is called

in habeas corpus practice 'abuse of the writ.'").  Section 2255 states that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Silva has not shown that he has obtained permission from the Eleventh Circuit to seek

further redress.  Silva cannot change the title of the document through which he seeks

additional review and escape the preclusion of second or successive proceedings.  <u>See,</u>

<u>e.g.</u>, <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999) (a defendant will not be

allowed "to use § 2241 simply to escape the restrictions on second or successive

§ 2255 motions."); <u>Gonzalez v. Sec'y for the Dep't of Corr.</u>, 366 F.3d 1253, 1263-64

(11th Cir. 2004) (<u>en banc</u>) ("[this case] concerns the category most frequently seen,

which is second or successive § 2255 motions or § 2254 petitions cross-dressed as

Rule 60(b) motions.  Despite the clothing [the petitioner] put on it, his is not a true Rule

60(b) motion because it does not concern a defect in the earlier § 2255 proceeding

which led to the judgment denying relief to [the petitioner].  Stripped to its essence, [the

petitioner's] motion attacks the underlying judgment of conviction and sentence itself on

grounds not asserted in the prior § 2255 proceeding.").  Silva's motion to challenge his

sentence, despite the motion's title, must be dismissed as a second or successive

motion filed without permission from the circuit court.   <u>Gonzalez</u>, 366 F.3d at 1277.

("Because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4).").

Accordingly, Silva's "Writ of Error Coram Nobis And/Or Audita Querela" or for a hearing (Doc. 259) is **DISMISSED**.

ORDERED in Tampa, Florida, on April 20, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE